## In re Vigliotti Tax Compromise

*C. W. Martin*, for county commissioners.

*J. W. Dawson*, for Vigliotti estate.

*M. J. Laponsky*, for Borough of Brownsville.

DUMBAULD, P. J., August 7, 1940.—For the purpose of procuring a decree approving a compromise settlement of the taxes of the estate of Rosina Vigliotti, the provisions of the Act of November 23, 1938, P. L. 90, are invoked by the County Commissioners of Fayette County.

Their petition contains the jurisdictional averments that the delinquent taxes, penalties, interest and costs due and returned upon certain lands described in the petition are, in the opinion of the commissioners, in excess of the net amount which could be realized by a tax sale of the properties upon which the taxes have been levied; and, in the opinion of petitioners, more than could be realized by enforced collection against the owners of the property described.

The Borough of Brownsville appeared at the hearing fixed in conformity with the Act of 1938, supra, and protested against the approval of the compromise settlement. We have read, with much interest, the well-prepared brief filed in behalf of the Borough of Brownsville. Therein our attention is called to the provisions of the act of assembly which, as construed by the learned counsel, withhold from the court jurisdiction to approve, upon the petition of one of the several tax-levying authorities, a compromise so as to be binding upon other tax-levying authorities which neither join in the petition nor consent to the proposed compromise settlement.

In section 1, the tax-levying authority is described by the words "political subdivision." Counties, cities, boroughs, townships, and school districts are political subdivisions. When taxes levied by any such political subdivision upon real property have become delinquent and have been returned to the county commissioners or have been entered as liens in the office of the prothonotary, and such delinquent taxes and penalties, interest and costs due thereon exceed, in the opinion of the tax-levying authorities, the net amount which could be realized at a tax sale of such real property, upon which the taxes have been levied and, in the opinion of said authorities, are

more than could be realized by enforced collection against the owner of such property, it shall be lawful for the tax-levying authorities, or any of them, if the court of common pleas of the county in which such real property is situated shall first have consented thereto, to accept in compromise of such delinquent taxes, penalties, interest and costs, any sum less than the whole amount due, and to enter satisfaction of all such taxes on the record.

It will be noted that the authority for compromise is conferred upon the tax-levying authorities, or any of them, with the consent of the court of common pleas.

In section 2, it is provided that the action of the court of common pleas may be invoked by "the petition of any tax-levying authority". Joint action by different tax-levying authorities is not required. This section also provides that at least five days' notice of a hearing to be held by the court shall be given to each taxing authority having an interest in such delinquent taxes. Nonjoining authorities are thus given their day in court.

According to the terms of section 3, the consent of the court to the proposed compromise shall be based upon certain findings of fact with reference to matters averred in the petition. First, the court must be satisfied that the proposed compromise is proper; second, that the proposed compromise is to the advantage of the taxing authorities interested, or any of them; and, third, that it will enable the owner to keep such real property productive.

If so satisfied, the court shall "enter a decree approving such compromise settlement with such petitioning tax authority *and any other tax authority desiring to join in such settlement,* or such other settlement as the court may find proper and just." (Italics supplied.)

From the plain language of these sections, it would appear that the decree approving the compromise settlement could only be binding upon the petitioning tax authority and upon any other tax authority desiring to join in such settlement. We find no interpretation of this

language that would confer upon the court authority to make a decree binding upon a protesting borough or school district where, as here, the petition was presented by the county authorities. Failure to join in the petition or to appear at the hearing would apparently deprive the court of jurisdiction to make a decree affecting any of the non-appearing taxing authorities.

This projects the interesting, though here perhaps academic, question as to whether the court may decree the approval of such compromise settlement with the county authorities alone, upon the petition of the county commissioners, leaving the disposition of the delinquent taxes due the borough and school district to later and separate proceedings for collection. It is sufficient to decide that the court is without jurisdiction to approve the compromise settlement so as to bind·the protesting taxing authority, the Borough of Brownsville.

The briefs of counsel in discussion of the constitutionality of this act of assembly are worthy of special mention.

From the view we take of the merits of the case, we do not feel disposed to pass upon the exceedingly important constitutional question thus raised.

We are not satisfied that the jurisdictional averments required for approval of the compromise agreement have been sustained by proper testimony.

Neither the petition nor the testimony presents a situation different from that of thousands of other taxpayers in the county. It is true that rent collection by the owners of these properties has been difficult. It is true that the actual value of the real estate owned by the estate of Rosina Vigliotti has depreciated during the depression. It is true that assessments for tax purposes may be higher than the conditions justified. It is, however, also true that these same conditions affected other property owners and other taxpayers throughout the county. There is no testimony as to the actual market value of these properties. There is no testimony to show what rentals could actually

be collected, or what rentals should be accounted for by the owners of the properties for premises occupied by them as dwellings. The testimony was confined to the opinion of the one witness that the taxes amounted to more than could be realized at a tax sale.

No witness gave testimony that the taxes were more than could be realized by an enforced sale against the owners.

We are asked to approve a compromise of accumulated taxes, penalties, interest and costs in the amount of $5,-982.72 for the sum of $1,000. In other words, these proptery owners are permitted to pay delinquent, if not neglected, taxes at less than 20 cents on the dollar, where other citizens have continued to pay 100 cents on the dollar.

This real estate consists largely of town lots upon which buildings have been erected. There are only a few vacant lots. Several of the most valuable properties are occupied by their owners. The assessed valuation, separately listing each of the seven pieces of real estate, amounts to $10,-000. As heretofore suggested, this assessment is possibly high, but during the years when the taxes were accumulating nothing was done to procure, in a legal way, the reduction of the assessments. In the absence of testimony showing any discrepancy between the assessed value of the property and the market value thereof, we cannot find that it is proper and to the advantage of the taxing authorities interested to compromise taxes in the amount of $5,982.72 levied and returned upon the property assessed at $10,100, for the sum of $1,000.

We, therefore, make an order refusing to approve the compromise settlement as set forth in this petition.

### Order of court

Now, August 7, 1940, upon and after consideration, it is ordered and directed that the petition heretofore presented, praying for the approval of a compromise settle-

ment of the deliquent taxes of Rosina Vigliotti be, and the same hereby is, refused and the petition is dismissed at the cost of petitioners.